```
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor
PO Box 36025
San Francisco, California  94102
Telephone:    (415) 522-3035
Facsimile:    (415) 522-3425
cindy.ohara@eeoc.gov
```

Attorneys for Plaintiff EEOC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights - Employment Discrimination |
| **M.A. JONES, INC. d/b/a CLEANING SERVICES,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Virginia Medina, a female employee who was adversely affected by such practices.  Defendant, M.A. Jones, Inc., subjected Ms. Medina to unlawful discrimination (harassment) based on her sex and to unlawful retaliation (discharge) after she engaged in the protected activity of objecting to and reporting the sex harassment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged herein were committed in the State of California, in the County of Santa Clara. Venue is therefore proper in the United States District Court for the Northern District of California.

### INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Jose Division of this court as the violations alleged in this complaint took place in Santa Clara County.

### PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (Commission) is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, § 2000-e(f)(1) and (3).

5. Defendant M.A. Jones, Inc. (Defendant) is a California corporation, doing business in the State of California, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h).

### STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

**Violation of Title VII of the Civil Rights Act: Discrimination Based on Sex**

7. More than thirty days prior to the institution of this lawsuit, Charging Party Virginia Medina (Charging Party) filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant. On July 24, 2013, the Commission issued a Letter of Determination, finding reasonable cause that Defendant violated Title VII, and inviting Defendant to participate in informal methods of conference, conciliation, and persuasion to eliminate the alleged unlawful employment practices. The Commission engaged in communications with Defendant which provided Defendant with the opportunity to remedy the alleged unlawful employment practices,

but the Commission was unable to secure an agreement acceptable to the Commission.  On January 3, 2014, the Commission issued a notice that efforts at conciliation had failed.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least December 2010, Defendant has engaged in unlawful practices of sex discrimination in violation Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Charging Party to harassment.  Charging Party, who was employed by Defendant at Cleaning Services, was subjected to sex discrimination by her immediate supervisor, which included but is not limited to making demands that Charging Party submit to sexual advances, and making lewd and offensive remarks and gestures.  Defendant's sexual harassment of Charging Party resulted in the termination of her employment.

9. The effect of the actions complained of in paragraph 8 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## SECOND CLAIM FOR RELIEF

### Violation of Title VII of Civil Rights Act Based: Retaliation

12. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 8 above as though fully set forth herein.

13. In addition to the above-referenced discrimination, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a) by subjecting Charging Party to retaliation after she engaged in the protected activities of objecting to her supervisor's sexual advances, reporting the conduct to another supervisor, and/or attempting to report the conduct to higher management personnel. As a result of Charging Party's protected activity, Defendant discharged Charging Party from employment.

14. The effect of the actions complained of in paragraph 13 above has been to deprive

Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her protected activity.

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons acting in concert or participation with it, from engaging in discrimination based on sex and retaliation against its employees.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit sex discrimination, including harassment, and retaliation, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Charging Party by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, in amounts to be determined at trial.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

//

1       G.    Grant such further relief as the Court may deem just and proper in the public
2 interest.

3       H.    Award the Commission its costs of this action.

### **DEMAND FOR JURY TRIAL**

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

```
                                P. DAVID LOPEZ
                                General Counsel

                                JAMES L. LEE
                                Deputy General Counsel

                                GWENDOLYN YOUNG REAMS
                                Associate General Counsel

                                EQUAL EMPLOYMENT OPPORTUNITY
                                COMMISSION
                                Office of the General Counsel
                                Washington, DC 20507
```

Dated: September 29, 2015      /s/ Jonathan Peck

JONATHAN PECK
Acting Regional Attorney

Dated: September 29, 2015      /s/ Cindy O'Hara

CINDY O'HARA
Senior Trial Attorney